LISA L. RUSSELL
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
S. JAY GOVINDAN, Section Chief
NICOLE M. SMITH, Assistant Section Chief
SARA M. WARREN, Trial Attorney (GA Bar 966948)
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel | (202) 307-1147
Fax | (202) 305-0275
E-mail: Sara.Warren@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>U.S. FISH AND WILDLIFE SERVICE, PAUL SOUZA, in his official capacity exercising the delegated authority of Director of the U.S. Fish and Wildlife Service; DOUG BURGUM, in his official capacity as Secretary of the Interior,[1]<br><br>　　Defendants. | Case No. 2:24-cv-03756-DAD-CKD<br><br>DEFENDANTS' ANSWER |

Defendants U.S. Fish and Wildlife Service ("FWS"), Paul Souza, exercising the delegated authority of Director the U.S. Fish and Wildlife Service, and Doug Burgum,

---

[1] Plaintiff named as Defendants Martha Williams, in her official capacity as Director of the U.S. Fish and Wildlife Service, and Deb Haaland, in her official capacity as Secretary of the Interior. Paul Souza is now exercising the delegated authority of the Director of the U.S. Fish and Wildlife Service. The Honorable Doug Burgum is now serving as the Secretary of the Interior. Pursuant to Fed. R. Civ. P. 25(d), Mr. Souza and Secretary Burgum are substituted as Defendants.

Defendants' Answer　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　1

Secretary of the Interior, by and through the undersigned counsel, hereby answer the claims and allegations made by Plaintiff Center for Biological Diversity in its Complaint (ECF No. 1). All allegations in the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

1. The allegations in paragraph 1 appear to characterize the characteristics, range of the Sierra Nevada Red Fox ("SNRF") and the Sierra Nevada Distinct Population Segment of the SNRF ("Sierra Nevada DPS"). Defendants deny the allegations in paragraph 1 to the extent that they are inconsistent with the Final Rule on Endangered Special Status for the Sierra Nevada Distinct Population Segment of the Sierra Nevada Red Fox, 86 Fed. Reg. 41743 (Aug. 3, 2021) ("Final Listing Rule"), the Proposed Rule on Endangered Status for the Sierra Nevada Distinct population Segment of the Sierra Nevada Red Fox, 85 Fed. Reg. 862 (Jan. 8, 2020) ("Proposed Listing Rule"), and the Species Status Assessment Report for the Sierra Nevada Distinct Population Segment of the Sierra Nevada Red Fox ("SSA"), Feb. 2018, *available at* https://iris.fws.gov/APPS/ServCat/DownloadFile/169289.

2. In response to the allegations in paragraph 2, Defendants admit that, in April 2011, Plaintiff petitioned the FWS to list the fox under the Endangered Species Act ("ESA"). Defendants also admit that, on August 3, 2021, FWS published its listing and critical habitat determination the Sierra Nevada DPS in the Federal Register. *See* Final Listing Rule, 86 Fed. Reg. 41743 (Aug. 3, 2021). All other allegations in paragraph 2 are denied.

3. The allegations in paragraph 3 appear to quote and characterize the ESA and regulations promulgated by the FWS, which speak for themselves and are the best

Defendants' Answer                                                                                           2

evidence of their contents. Defendants deny any allegation or characterization in paragraph 3 inconsistent with the plain language, context, or meaning of the ESA and FWS regulations.

4. The allegations in paragraph 4 appear to quote and characterize the ESA and regulations promulgated by the FWS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation or characterization in paragraph 4 inconsistent with the plain language, context, or meaning of the ESA and any FWS regulation.

5. The allegations in paragraph 5 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 5. Defendants further state that they lack information or knowledge sufficient to form a belief as to the truth of the photograph and its caption below paragraph 5, and Defendants deny them on that basis.

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 6.

7. The allegation in paragraph 7 characterizing FWS's "not prudent" determination for the Sierra Nevada DPS as unlawful is a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny that its "not prudent" determination was unlawful. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and deny the allegations on that basis.

8. The allegations in paragraph 8 consist of the relief sought by Plaintiff. To

Defendants' Answer 3

the extent that a response is required, Defendants deny Plaintiff is entitled to any relief.

9. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 and deny the allegations on that basis.

10. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10 and deny the allegations on that basis.

11. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and deny the allegations on that basis.

12. In response to the allegations in paragraph 12, Defendants admit that the FWS is an agency of the United States government within the Department of the Interior and is charged with certain responsibilities for administering the ESA. The remaining allegations in paragraph 12 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in paragraph 12.

13. In response to the allegations in paragraph 13, Defendants admit that the Director of the FWS is charged with certain responsibilities for administering the ESA. Defendants further state that Paul Souza is currently exercising the delegated authority of the Director of FWS. Defendants deny the remaining allegations in paragraph 13.

14. In response to the allegations in paragraph 14, Defendants admit that the Secretary of the Interior is charged with certain responsibilities for administering the ESA. Defendants further state that the Honorable Doug Burgum is now serving as the Secretary of the Interior. Defendants deny the remaining allegations in paragraph 14.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the

Defendants' Answer                                                                                                  4

allegations in paragraph 15.

16. The allegations in the first sentence of paragraph 16 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in the first sentence of paragraph 16. Defendants admit the allegations in the second sentence of paragraph 16.

17. Defendants admit that Plaintiff provided notice of its intent to sue on October 29, 2024. The remaining allegations in paragraph 17 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in paragraph 17.

18. The allegations in paragraph 18 appear to quote and characterize the ESA and the case *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978), which speak for themselves and are the best evidence of their contents. Defendants deny any allegation or characterization in paragraph 18 inconsistent with the plain language, context, or meaning the ESA and the case *Tennessee Valley Authority v. Hill*, 437 U.S. 153 (1978).

19. The allegations in paragraph 19 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 19 inconsistent with the plain language, context, or meaning of the ESA.

20. The allegations in paragraph 20 appear to quote and characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 20 inconsistent with the plain language, context, or meaning of the Federal Register notice.

21. The allegations in paragraph 21 appear to quote and characterize the ESA,

Defendants' Answer                                                                                                              5

which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 21 inconsistent with the plain language, context, or meaning of the ESA.

22. The allegations in paragraph 22 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 22 inconsistent with the plain language, context, or meaning of the ESA.

23. The allegations in paragraph 23 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 23 inconsistent with the plain language, context, or meaning of the ESA.

24. The allegations in paragraph 24 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 24 inconsistent with the plain language, context, or meaning of the ESA. Paragraph 24 also contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 24.

25. The allegations in paragraph 25 appear to quote and characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 25 inconsistent with the plain language, context, or meaning of the Federal Register notice.

26. The allegations in paragraph 26 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any

allegation or characterization in paragraph 26 inconsistent with the plain language, context, or meaning of the ESA.

27. The allegations in paragraph 27 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 27 inconsistent with the plain language, context, or meaning of the ESA.

28. The allegations in paragraph 28 appear to characterize the ESA, which speaks for itself and is the best evidence of its contents. The allegations in paragraph 28 also quote and characterize a web entry from the online Cambridge Dictionary, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 28 inconsistent with the plain language, context, or meaning of the ESA and the cited web page. Paragraph 28 also contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 28.

29. The allegations in paragraph 29 appear to quote and characterize the ESA and Congressional Reports, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation or characterization in paragraph 29 inconsistent with the plain language, context, or meaning of the ESA and Congressional Reports. Paragraph 29 also consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. The allegations contained in paragraph 31 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

Defendants' Answer                                                              7

32. The allegations in paragraph 32 appear to quote and characterize the decisions *Gifford Pinchot Task Force v. U.S. Fish and Wildlife Serv.*, 378 F.3d 1059 (9th Cir. 2004), and *Sierra Club v. U.S. Fish and Wildlife Serv.*, 245 F.3d 434 (5th Cir. 2001), which speak for themselves and are the best evidence of their contents. Defendants deny any allegations or characterizations inconsistent with the plain language, context, or meaning of *Gifford Pinchot Task Force v. U.S. Fish and Wildlife Serv.*, 378 F.3d 1059 (9th Cir. 2004), and *Sierra Club v. U.S. Fish and Wildlife Serv.*, 245 F.3d 434 (5th Cir. 2001). Paragraph 32 also contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 32.

33. The allegations contained in paragraph 33 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

34. The allegations in paragraph 34 appear to characterize the joint regulations of FWS and the National Marine Fisheries Service, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation or characterization in paragraph 34 inconsistent with the plain language, context, or meaning of those regulations.

35. The allegations in the first sentence of paragraph 35 appear to quote and characterize an FWS regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in the first sentence of paragraph 35 inconsistent with the plain language, context, or meaning of the cited regulation. The second sentence of paragraph 35 consists of a legal conclusion, to which no response is required. To the extent that a response is required, Defendants deny the second sentence of paragraph 35.

36. The allegations in paragraph 36 appear to quote and characterize an FWS regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 36 inconsistent with the plain language, context, or meaning of the cited regulation.

37. The allegations in paragraph 37 appear to quote and characterize an FWS regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 37 inconsistent with the plain language, context, or meaning of the cited regulation.

38. The allegations in paragraph 38 appear to quote and characterize an FWS regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 38 inconsistent with the plain language, context, or meaning of the cited regulation.

39. The allegations in paragraph 39 appear to quote and characterize an FWS regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 39 inconsistent with the plain language, context, or meaning of the cited regulation. Paragraph 39 also contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 39.

40. The allegations in paragraph 40 appear to quote and characterize an FWS regulation, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegation or characterization in paragraph 40 inconsistent with the plain language, context, or meaning of the cited regulation. Paragraph 40 also contains legal conclusions to which no response is required. To the extent that a response is required,

Defendants deny the allegations in paragraph 40.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent that that a response is required, Defendants deny the allegations in paragraph 41.

42. The allegations in paragraph 42 appear to quote and characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 42 inconsistent with the plain language, context, or meaning of the notice.

43. The allegations in paragraph 43 appear to characterize an FWS regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 43 inconsistent with the plain language, context, or meaning of the cited regulation.

44. The allegations in paragraph 44 appear to quote and characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 44 inconsistent with the plain language, context, or meaning of the APA. Paragraph 44 also contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 44.

45. The allegations in paragraph 45 appear to quote and characterize the decision *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 45 inconsistent with the plain language, context, or meaning of *Motor Vehicle Manufacturers*

Defendants' Answer                                                                 10

*Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983). Paragraph 45 also contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 45.

46. The allegations in paragraph 46 appear to quote and characterize the decision *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 46 inconsistent with the plain language, context, or meaning of *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.*, 463 U.S. 29 (1983). Paragraph 46 also contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47 to the extent that they are inconsistent with the Final Listing Rule, the Proposed Listing Rule, and the SSA.

48. The allegations contained in paragraph 48 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

49. Defendants deny the allegations in paragraph 49 to the extent that they are inconsistent with the Final Listing Rule, the Proposed Listing Rule, and the SSA.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51 to the extent that they are inconsistent with the Final Listing Rule, the Proposed Listing Rule, and the SSA.

52. Defendants deny the allegations in paragraph 52 to the extent that they are inconsistent with the Final Listing Rule the Proposed Listing Rule, and the SSA.

53. Defendants admit the allegations in paragraph 53.

54. Defendants admit the allegations in paragraph 54.

55. In response to paragraph 55, Defendants admit that the Sierra Nevada DPS has experienced a range contraction from its historical range. Defendants deny the remaining allegations in paragraph 55.

56. Paragraph 56 consists of a legal conclusion to which no response is required. To the extent that that a response is required, Defendants deny the allegations in paragraph 56.

57. In response to paragraph 57, Defendants state that the first sentence of paragraph 57 is a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the first sentence of paragraph 57. Defendants deny the allegations in the second, third, and fourth sentences of paragraph 57 to the extent that they are inconsistent with the Final Listing Rule, the Proposed Listing Rule, and the SSA. Regarding the fifth sentence of paragraph 57, Defendants admit that the Final Listing Rule, the Proposed Listing Rule, and the SSA addressed potential impacts of snowmobiling on the Sierra Nevada DPS. The remaining allegations of paragraph 57 are denied.

58. In response to paragraph 58, Defendants state that allegations in paragraph 58 appear to characterize a Record of Decision of the United States Forest Service, which is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 58 inconsistent with the plain language, context, or meaning of the United States Forest Service decision. Paragraph 58 also contains legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 58.

59. In response to paragraph 59, Defendants state that the allegations in the first sentence of paragraph 59 appear to characterize a Record of Decision of the United States Forest Service, which is the best evidence of its contents. Defendants deny any allegation or characterization in the first sentence of paragraph 59 inconsistent with the plain language, context, or meaning of the United States Forest Service decision. Defendants further state that remaining allegations in paragraph 59 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

60. The allegations contained in paragraph 60 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

61. The allegations in paragraph 61 appear to characterize a decision by the United States Forest Service, which is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 61 inconsistent with the plain language, context, or meaning of the United States Forest Service decision.

62. In response to paragraph 62, Defendants state that the first sentence of paragraph 62 is a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the first sentence of paragraph 62. The remaining allegations in paragraph 62 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

63. The allegations contained in paragraph 63 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

64. The allegations in paragraph 64 appear to characterize the SSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 64 inconsistent with the plain language, context, or

1  meaning of the SSA.

2      65.    The allegations in paragraph 65 appear to characterize the Final Listing Rule, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 65 inconsistent with the plain language, context, or meaning of the Final Listing Rule.

    66.    In response to paragraph 66, Defendants state that the first sentence of paragraph 66 is a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the first sentence of paragraph 66. Defendants further state that the second sentence in paragraph 66 is too vague and ambiguous to permit a response, and Defendants deny the allegations in the second sentence of paragraph 66 on that basis. Defendants further state that they deny the allegations in the third sentence of paragraph 66 to the extent that they are inconsistent with the Final Listing Rule, the Proposed Listing Rule, and the SSA.

    67.    In response to paragraph 67, Defendants state that the first sentence of paragraph 67 is a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the first sentence of paragraph 67. Defendants further state that they deny the allegations in the second sentence of paragraph 67 to the extent that they are inconsistent with the Final Listing Rule, the Proposed Listing Rule, and the SSA. Defendants further state that they lack information or knowledge sufficient to form a belief as to the truth of the third sentence in paragraph 67 and deny that allegation on that basis.

    68.    Defendants deny the allegations in paragraph 68 to the extent that they are inconsistent with the Final Listing Rule, the Proposed Rule, and the SSA.

Defendants' Answer    14

69. Defendants deny the allegations in paragraph 69 to the extent that they are inconsistent with the Final Listing Rule, the Proposed Rule, and the SSA.

70. In response to paragraph 70, Defendants admit that, in April 2011, Plaintiff petitioned the FWS to list the fox under the ESA. The remaining allegations in paragraph 70 are Plaintiff's characterizations of its petition, to which no response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 70.

71. The allegations in paragraph 71 appear to quote and characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 71 inconsistent with the plain language, context, or meaning of that Federal Register notice.

72. In response to paragraph 72, Defendants state that, on June 27, 2013, Plaintiff filed a complaint against the FWS, and Plaintiff and the FWS later reached an agreement requiring FWS to determine whether to list the SNRF by September 30, 2015. The remaining allegations in paragraph 72 consist of legal conclusions to which no response is required. To the extent that a response is required, the legal conclusions in paragraph 72 are denied.

73. The allegations in paragraph 73 appear to quote and characterize a Federal Register notice, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 73 inconsistent with the plain language, context, or meaning of that Federal Register notice.

74. In response to paragraph 74, Defendants admit that, on May 23, 2019, Plaintiff filed a complaint against the then-Acting Director of the FWS. The remaining

allegations in paragraph 74 are Plaintiff's characterizations of its 2019 lawsuit. To the extent that a response to those characterizations is required, Defendants deny all remaining allegations in paragraph 74.

75. The allegations in paragraph 75 appear to quote and characterize the Proposed Listing Rule, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 75 inconsistent with the plain language, context, or meaning of the Proposed Listing Rule.

76. In response to paragraph 76, Defendants admit that, on April 15, 2021, Plaintiff filed a complaint against the FWS. The remaining allegations in paragraph 76 are Plaintiff's characterizations of its 2021 lawsuit. To the extent that a response is required, Defendants deny all remaining allegations in paragraph 76.

77. In response to paragraph 77, Defendants admit the allegation that, on August 3, 2021, FWS published a final rule listing the Sierra Nevada DPS as an endangered species and determining that designating critical habitat for the Sierra Nevada DPS was not prudent. The remaining allegations in paragraph 77 appear to quote and characterize the Final Listing Rule, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in paragraph 77 inconsistent with the plain language, context, or meaning of the Final Listing Rule.

78. Defendants hereby incorporate each and every answer contained in the preceding paragraphs.

79. In response to paragraph 79, Defendants state that the first sentence of paragraph 79 appears to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in

the first sentence of paragraph 79 inconsistent with the plain language, context, or meaning of the ESA. Defendants further state that the second sentence of paragraph 79 is a legal conclusion to which no response is required. To the extent that a response is required, the second sentence of paragraph 79 is denied.

80. In response to paragraph 80, Defendants state that paragraph 80 appears to quote and characterize the Final Listing Rule, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation or characterization in the first sentence of paragraph 80 inconsistent with the plain language, context, or meaning of the Final Listing Rule. Defendants further state that paragraph 80 contains a legal conclusion to which no response is required. To the extent that a response is required, the legal conclusion in paragraph 80 is denied.

81. In response to paragraph 81, Defendants state that paragraph 81 appears to quote and characterize the Final Listing Rule, which speaks for itself and is the best evidence of its contents. Defendants deny the remaining allegations in paragraph 81.

82. Defendants deny the allegations in paragraph 82.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants deny the allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants hereby incorporate each and every answer contained in the preceding paragraphs.

89. The allegations in paragraph 89 are legal conclusions to which no

response is required. To the extent that a response is required, Defendants deny the allegations in paragraph 89.

90. The allegations in paragraph 90 appear to quote and characterize the ESA and an FWS regulation, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation or characterization in paragraph 90 inconsistent with the plain language, context, or meaning of the ESA and the cited FWS regulation.

91. Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

The remainder of the of the Complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**GENERAL DENIAL**

Defendants deny any allegations of the Complaint, whether express or implied, that are not otherwise expressly admitted, qualified, or denied herein.

Dated: March 4, 2025

                                              Respectfully submitted,

                                              LISA L. RUSSELL
                                              Deputy Assistant Attorney General
                                              U.S. Department of Justice
                                              Environment and Natural Resources Division
                                              S. JAY GOVINDAN, Section Chief
                                              NICOLE M. SMITH, Assistant Section Chief

                                              */s/ Sara M. Warren*
                                              SARA M. WARREN, Trial Attorney

(GA Bar 966948)
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel | (202) 307-1147
Fax | (202) 305-0275
Sara.Warren@usdoj.gov

*Attorneys for Defendants*